| 63 | 583 |
| 80 | 136 |
| 63 | 583 |
| 85 | 273 |

EDGAR SCHRAMM ET AL. v. MARY F. GENTRY ET AL.

(Case No. 1854.)

1. CERTIFICATE OF ACKNOWLEDGMENT.— An officer's certificate of acknowledgment to a deed for record, which states "that the grantor was personally known to him, and that he declared to him that he had executed the deed," etc., is a substantial compliance with the statute, and a valid acknowledgment.

2. SAME— STATUTE CONSTRUED.— Under § 4311, R. S., a certificate of acknowledgment written on a piece of paper separate from the deed, and pasted to it, is, if in proper form, a valid certificate.

APPEAL from Comal. Tried below before the Hon. T. M. Paschal.

August 26, 1882, appellees brought this suit against appellants and others to recover the land described in the petition. The other defendants failing to answer, judgment by default was taken against them, but appellants answered by plea of not guilty.

On December 8, 1882, the cause was tried, resulting in a judgment for appellees.

The points made by the assignment of errors, and relied upon for reversal, are stated in the opinion.

*J. D. Guinn* and *Leroy G. Dessman*, for appellants, cited: Linthicum *v.* March, 37 Tex., 350; 51 Tex., 392; 9 Tex., 462; Malone on Real Property Trials, 37, 38; Hobby's Texas Land Law, § 9; Burnett *v.* Harrington, 58 Tex., 359; Throckmorton *v.* Davenport, 55 Tex., 236; Adams *v.* Cook, 55 Tex., 161; 35 Tex., 166.

*O. T. Holt*, for appellees, cited: R. S., § 4802; 27 Tex., 173; 44 Tex., 140; 50 Tex., 175.

WATTS, J. COM. APP.— Two objections were interposed to the admission of the deed from C. R. Gentry to appellee Mrs. Gentry as a recorded instrument: first, that the certificate of acknowledgment was defective in failing to state that Gentry was known to the officer as the person who signed the deed; secondly, that the certificate of acknowledgment was not written upon the deed, but was upon a printed form which was pasted upon the deed.

Our statute declares that "No acknowledgment of any instrument of writing shall be taken, unless the officer taking it knows or has satisfactory evidence on the oath or affirmation of a credible witness, which shall be noted in the certificate, that the person making such acknowledgment is the individual who executed and is described in the instrument." R. S., art. 4309.

In this state a substantial compliance with the statute respecting the ordinary acknowledgment of deeds and other instruments for registration is all that is required.

Here the officer certified that Gentry was personally known to him, and that Gentry declared to him that he had executed the deed, etc. This deed purported to be the act of Gentry. True, the officer did not in so many words certify that he knew Gentry to be the individual who executed the deed, and who was therein described. Nor do we think that essential. The deed purported to be the act of Gentry; he appeared before the officer, to whom he was

personally known, and declared to him that he had executed the
deed.   All of this is shown by the certificate, and is in substantial
compliance with the statute.   The object of that provision was to
prevent evil-disposed persons from imposing upon such officer, and,
by falsely personating others, securing apparently good and valid
acknowledgments of deeds and other instruments, when in fact the
instruments would be forgeries, and the acknowledgments false and
spurious.

But, as before remarked, the certificate, while not literally, is sub-
stantially a compliance with the terms of the statute.

It is also provided that "any officer taking the acknowledgment
of a deed or other instrument of writing must place thereon his
official certificate, signed by him and given under his seal of office,
substantially in form as hereinafter prescribed."   R. S., art. 4311.

Appellants contend that the officer is required by that article to
*write* his certificate upon the deed or other instrument.   That is, the
certificate should be written on the same paper with the deed or
other instrument, and that it is not sufficient that the certificate be
pasted on or otherwise attached to the instrument.   This intent, it
is said, clearly appears from the report made to the legislature by
the commissioners who prepared the Revised Statutes.   It must be
answered, however, that the legislature has prescribed certain rules
of construction to be applied in the interpretation of these statutes,
which have controlling influence with the courts.   Besides, the
report of the commissioners was not enacted as part of the revision,
or otherwise prescribed as a source from which to ascertain the leg-
islative intent as expressed in the statutes.

As said by Mr. Webster, the ordinary signification of the word
"placed" is to "assign a place to; to fix; to settle," etc.

There is nothing which would require a more limited signification
to be assigned to that word.   In fact, any other than its ordinary
signification would tend to defeat that primary rule which requires
the Revised Statutes to be liberally construed so as to effect their
object and promote justice.

In our opinion the deed was properly admitted as evidence.

Upon the trial appellees, for the purpose of showing a common
source, read as evidence, over objections of appellants, a deed from
the tax collector of Comal county conveying to appellants all the
right, title and interest of C. R. Gentry to the land in question.
This deed was made in 1868.   Appellants asserted in open court
that they did not claim the land under or through that deed, and
therefore it was error to admit it as evidence of a common source.

Their defense consisted of a general denial and plea of not guilty; no title was specially asserted by them.

The statute provides that common source may be established in that way. Then to permit such an exception as that contended for would be to virtually abrogate the statute. The admission of that deed as establishing common source did not preclude appellants from showing title to the land, if they had it.

We conclude that there is no error in the judgment and that it ought to be affirmed.

JUDGMENT AFFIRMED.

[Opinion adopted January 27, 1885.]