# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1888.

### No. 6233.

### J. JENKINS v. ADAMS & WICKS.

1. EVIDENCE.—TRESPASS TO TRY TITLE.—In trespass to try title the plaintiff may introduce in evidence a deed forming a link in his chain of title though it bears date subsequent to the alleged entry as charged in the petition, if executed before the institution of the suit.

2. AGREEMENT OF COUNSEL.—The action of the trial judge after hearing statements of counsel for parties litigant in regard to a parol agreement to waive filing of title deeds and notice thereof, in enforcing such agreement, constitutes no ground for a reversal of judgment.

3. REGISTRATION—NOTICE.—Registration of a deed is notice only to one claiming under the grantor in the recorded deed. A junior purchaser of land is chargeable not only with notice of the contents of registered deeds in the chain of title, but when the mesne conveyances contain that which should put a prudent man on inquiry, he is chargeable with notice of whatever an inquiry would have revealed.

APPEAL from San Saba. Tried below before the Hon. A. W. Moursund.

*S. H. Lumpkin,* for appellant. The party who wishes to offer in evidence any deeds or muniments of title, shall file same among the papers of said cause for the purpose of using them in evidence, and give notice in writing of such filing to the opposite party or his attorney of record three days before the trial of said cause. (Rev. Stats., art. 2257.)

When a deed and deed of defeasance are executed by and between the same parties (respectively on January 9, 1859, and January 19, 1856,) concerning the same lands, both deeds read in evidence on trial in court below, without any evidence of explanation, the court, in order to arrive at the intention of the parties should construe both instruments together, and if

1

the defeasance annuls the deed dated January 9, 1856, and engrafts upon it the essence of a mortgage the court should so hold and give judgment against the party relying upon said deed as an absolute conveyance. (Mann v. Falcon, 25 Texas, 272; Duty v. Graham, 12 Texas, 427; Carter v. Carter, 5 Texas, 93.)

A subsequent purchaser at an administrator's sale, who pays for the land without notice, actual or constructive, is protected by our registration laws, and has a superior title to that of an unrecorded conveyance from the decedent. (Rev. Stats., arts. 4332, 4333 and 4334; Pas. Dig., art. 4988; Taylor v. Harrison, 47 Texas, 454, Grace v. Wade, 45 Texas, 522; Grimes v. Hobson, 46 Texas, 416; Watson v. Chalk, 11 Texas, 89; Wimberly v. Pabst, 55 Texas, 587; Duty v. Graham, 12 Texas, 427.)

The court erred in holding that the recitations in the deed from James R. Sweet to plaintiffs, reciting a record of deed from F. Gilbeau, trustee, to James R. Sweet, dated March 2, 1858, and recorded in Bexar county April 26, 1859, was constructive notice to the defendant, because if said deed was recorded as cited, that the record of it was not in San Saba county where the land lies; that San Saba county was organized in June, 1856, and a recorded deed in Bexar county for land lying in San Saba county in the year 1858 or 1859 would be no notice to defendant. (Rev. Stats., arts. 4332, 4333, 4334; Paschal's Digest, arts. 4988, 4989; Grace v. Wade, 45 Texas, 222, 223; Grimes v. Hobson, 46 Texas, 416; Watson v. Chalk, 11 Texas, 89; Thompson v. Westerbrook, 56 Texas, 268.)

The constructive notice, conveyed by the recording of deeds extends only to the deed recorded, and not to the unrecorded deeds in a chain of title. Watson v. Chalk, 11 Texas, 89; Thompson v. Westerbrook, 56 Texas, 268; Grimes v. Hobson, 46 Texas, 415.)

*Burleson & Harris,* for appellee: It is not a material variance if a link in plaintiff's chain of title bears date subsequent to the date of his alleged ownership of the land sued for and ouster by defendant, provided the date is prior to the suit. (Abbott's Trial Ev., 691, 692; Martin v. Parker, 29 Texas, 261; 1 Greenleaf on Ev., sec. 63; May & Co. v. Pollard, 28 Texas, 677.)

There is no error in a trial court enforcing a parol agreement made by the respective parties litigant, or their attorneys, and the construction of the intention of the agreement by the court

will not be disturbed unless clearly erroneous. (Williams v. Huling, 43 Texas, 115; Cox v. Giddings, 9 Texas, 47.)

The court did not err in finding "that the conveyance by Jacob DeCordova to Victor Considerant, dated January 9, 1856, and recorded in Bexar county January 11, 1856, was intended to vest the legal title to the lands therein described in Victor Considerant." It is the established doctrine that only on purely equitable grounds will a deed, absolute upon its face, be declared to be a mortgage, and only then upon the clearest and most satisfactory proof. (Calhoun v. Lumpkin, 60 Texas, 190; Alstin v. Cundiff, 52 Texas, 462; Hassam v. Barret, 115 Mass., 256; Henley v. Hotaling, 41 Cal., 22; Kent v. Lasley, 24 Wis., 654; Phillips v. Croft, 42 Ala., 477; Haines v. Thompson, 70 Penn. State, 92, 434.)

WALKER, ASSOCIATE JUSTICE. This is an action of trespass to try title filed November 6, 1885, by appellees, against Jenkins, for two surveys of one hundred and sixty acres each, patented together to J. DeCordova, assignee of Carl Zink.

On the trial plaintiffs read in evidence patent to DeCordova, and a conveyance in form a warranty deed, acknowledging the payment of the purchase money by DeCordova to Victor Considerant, of date January 9, 1856, and duly recorded same day, in Bexar county, of which San Saba then formed a part. San Saba county was organized June, 1856. Plaintiffs then read a quit claim deed from Considerant for a nominal consideration to the plaintiffs of date of August 17, 1885. The court did not err in overruling objection to this deed because it bore date subsequent to the alleged entry charged in the petition. The deed bore date before the filing of the suit.

The defendant then read in evidence an unrecorded document of date January 19, 1856, proving its execution by Considerant, acknowledging that the deed of ninth January was a mortgage. Defendant then read in evidence a deed from one Harris, of date March 22, 1883, to defendant, for one hundred and sixty acres of the Zink land. Harris, in the deed, acted as administrator of the estate of J. DeCordova (who was shown to have died in 1868), and as trustee. The defendant offered in this connection a certificate that Harris was administrator and appointed by the probate court of Bosque county. Copies of the order of sale, sale and a confirmation of sale of one hundred and sixty acres of the Zink surveys to Reed, and of one

hundred and sixty acres to C. V. Glenn, and trust deeds to Harris as administrator by Reed, and by Glenn authorizing Harris to sell the lands in default of payment of the purchase money. These were excluded on objection by the plaintiffs. There appears some variance between the description of the lands sold by Harris and the lands described in the petition, and as described in the patent. This variance will not be passed upon. The trial was before the court without a jury and the entire testimony can be considered here.

Jenkins then testified that he paid Harris the purchase money, and that when he bought he had no notice of the title or claim of plaintiffs, and thought he was buying a good title. Defendant also read in evidence a deed of trust signed by J. DeCordova, grantor, Victor Considerant, as beneficiary, and F. Gilbeau, trustee, made December —, 1856, to secure a note by DeCordova to Considerant, recorded in Bexar county, and again recorded in San Saba county, May 27, 1882. This was produced by plaintiffs on notice from the defendant. It was offered by defendant to show the fact of mortgage subsequent to the deed of January 9, 1856, but the court ruled that its introduction should be for all purposes for which it could be used.

The plaintiffs, in rebuttal, then read in evidence a deed by Gilbeau, trustee, to Joseph R. Sweet for the land, recorded in Bexar county, and subsequently in San Saba county, May 8, 1886; also a deed from Sweet to plaintiffs, of date July 18, 1870, and recorded in San Saba county, June 16, 1871. This last recited the trust sale by Gilbeau. These were objected to because they had not been included in the abstract of title filed by plaintiffs, and because not filed three days before the trial with notice of filing. The abstract is not shown in the record. It was insisted by counsel for the plaintiffs that, by agreement between counsel at a former term of the court, *filing* had been waived, the deeds having been exhibited to and examined by counsel for defendant. The court, after hearing the statements of counsel, held that filing had been waived, and enforced the parol agreement. This the court had a right to do, and such action is not error. (43 Texas, 120, Williams v. Huling.)

It is evident that, as neither Reed nor Glenn paid the purchase money to Harris, the condition of the records of deeds at the time of defendant's purchase, March 23, 1883, he having no actual knowledge of plaintiffs' title, must determine the rights of the litigants. Our courts have held that registry of a deed

is notice only to one claiming under the grantor in the recorded deed. (11 Texas, 93, Watson v. Chalk.)

At defendant's purchase, the records disclosed the deed by De-Cordova to Considerant of January 9, 1856, and that in 1882 the conveyance by DeCordova to Gilbeau for the benefit of Considerant had been placed on record in San Saba county. Of these records defendant was charged with notice. He was a junior purchaser of whatever right in the land was in the deceased DeCordova at his death. He bought subject to whatever defect in his title these conveyances made. These records imposed upon defendant the duty of inquiry, and he is chargeable with whatever he would have discovered upon inquiry. (DeCordova v. Hood, 17 Wall., 8, and cases cited.)

We are of opinion that defendant, under these facts, was not an innocent purchaser, and that he was chargeable with the want of title in DeCordova at his death. We find, therefore, no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Opinion delivered May 25, 1888.