### GEO. B. ZIMPLEMAN V. ALEXANDER STAMPS.

Decided April 15, 1899.

**1. Deed—Description—Parol Evidence—Town Plat.**

Parol evidence that but one map of a certain town has ever been recorded is admissible in an action where a deed of the town lot in controversy describes it as shown by the town map, of record in book —, p. —, of the deed records of the county, and it is shown that a town map had been executed at the date of the deed and was recorded soon thereafter.

**2. Same.**

A description in a deed of a town lot giving merely its lot and block number as represented on the town map recorded in book —, p. —, of the record of deeds of that county is a sufficient description, it being shown that no map of the town was ever recorded prior to the deed, and but one thereafter.

**3. Acknowledgment—Deed of Corporation—Identity of Grantor.**

A certificate to the acknowledgment of a deed by a corporation which recites the appearance before the officer of one party vice-president and another secretary of the corporation, "who are well known to me as such, and each acknowledged that he executed and delivered the foregoing," etc., substantially complies with the statutory requirements that the officer taking an acknowledgment shall note in the certificate "that the party making the acknowledgment is the individual who executed and is described in the instrument."

APPEAL from Eastland. Tried below before Hon. T. H. CONNER.

*J. J. Butts,* for appellant.

*Jas. B. Goff,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit of trespass to try title was filed in the District Court of Eastland County on November 19, 1896, by appellee to recover from appellant lot 14, in block 31, of the town of Cisco, in said county. The defense was not guilty. The case was tried by the court without a jury, who gave judgment for the appellee, and this appeal is taken on a statement of facts.

There is no controversy about the facts. Appellant did not introduce any evidence, while appellee showed a chain of about nine transfers, beginning with patent from the State and coming down to himself, which showed title in appellee, if the objections made thereto on the trial and here are not good in law.

A map of the town of Cisco and dedication of streets was put in evidence by appellee, executed by the Texas Central Railway Company, then owner of section 85, block 4, of H. & T. C. R. R. Company lands in Eastland County, upon which the town of Cisco was laid out and is situated, dated May 12, 1881, and recorded in the record of deeds of Eastland County May 30, 1881; and the first error assigned is to the admission of the deed of the Texas Central Railway Company to S. O. Berry, of date May 17, 1881, conveying lot 14, block 31, town of Cisco, upon the grounds (1) that said deed does not purport to convey any part of section 85, nor tend in any manner to connect plaintiff with the same,

and (2) that the certificate of acknowledgment is defective, in that it fails to show that the parties who appeared before the notary public were known to him to be the persons who signed the deed.

The first objection is based upon the fact that the deed simply describes the lot as "lot No. 14, in block No. 31, of the town of Cisco, Eastland County, as represented on the map thereof drawn by ————, recorded in book ——, page ——, of records for deeds, etc., for Eastland County." It will be noticed that at the date of this deed (May 17, 1881) the map of the town of Cisco put in evidence by appellee had been executed (May 12, 1881), but was not recorded until May 30, 1881. Oral evidence was admitted to show that no other map of Cisco except the one put in evidence was ever placed upon the deed records of Eastland County prior to the year 1897, but this oral evidence was also objected to because the deed records themselves were the best evidence of what they contained and of what they did not contain. But we think there was no error in admitting the oral evidence to prove that no other map of Cisco was on the deed records. One of the witnesses was the deputy clerk of the County Court, and another was an abstracter of land titles, and the latter had gone through the deed records page by page. They both stated, as did Mr. Calhoun also, who showed that he was familiar with the records, that no other map of Cisco was ever recorded in the deed records of Eastland County prior to the year 1897. By other evidence it was shown that the lot in question as described in the map was on section 85. This oral evidence, we think, was competent to prove the negative for which it was offered, and it thereupon devolved upon appellant to show affirmatively to the contrary by producing the record of any other map, if it existed.

Returning to the question of the sufficiency of the description, we think that reference to the map as "the map of the town of Cisco" was sufficient, there being but one, and the blanks in the deed not being filled would make no difference, but would rather indicate that it had not at that time been recorded, as in fact it seems it had not.

The second objection has given us more trouble, but we think the certificate of acknowledgment is sufficient. It reads as follows:

"*The State of Texas, County of Harris.*—Before me, J. C. Kidd, a notary public for Harris County, duly commissioned and sworn, personally appeared G. Jordan, vice-president, and A. S. Richardson, secretary of the Texas Central Railway Company, who are to me well known as such, and each acknowledged that he executed and delivered the foregoing instrument of writing bearing date of the 17th day of May, 1881, for the purposes and consideration therein specified, and as the act of said corporation.

"To certify which I hereunto sign my name and affix my official seal at Houston, this 17th day of May, 1881.

(Signed)   "J. D. KIDD,

[L. S.]                "Notary Public, Harris County, Texas."

Our statutes provide that the officer taking the acknowledgment shall note in his certificate thereof "that the person making such acknowledgment is the individual who executed and is described in the instrument." Sayles' Civ. Stats., art. 4617. But we think the officer substantially complied with the statute in stating that Jordan, vice-president, and Richardson, secretary of the railway company, were well known to him as such, and each acknowledged that he executed the deed, etc. This clearly identifies the persons whom he knew by those names as vice-president and secretary of the company as the persons who acknowledged the execution and delivery of the deed, and this we think is sufficient. Schramm v. Gentry, 63 Texas, 583; Schleicher v. Gatlin, 85 Texas, 270, 20 S. W. Rep., 120.

This we think disposes of all the questions raised in appellant's brief which require any particular notice, or which the counsel of appellant seriously insists upon, though all the assignments have been carefully considered and are overruled.

Finding no error in the judgment, it is affirmed.

　　　　　　　　　　　　　　　　　　　　　　　　　*Affirmed.*

CONNER, Chief Justice, did not sit in this case.