WILKERSON et al. v. WARD.†

(Court of Civil Appeals of Texas. April 19, 1911. Rehearing Denied. May 10, 1911.)

1. VENDOR AND PURCHASER (§ 231*) — BONA FIDE PURCHASER—NOTICE OF DEEDS—SCOPE.

A purchaser of land is not only put upon notice of the contents of a prior recorded deed, but of any fact contained therein which would put a reasonable man upon inquiry.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

2. EVIDENCE (§ 460*)—PAROL EVIDENCE—IDENTIFYING LAND.

Parol evidence is admissible to identify land imperfectly described in a deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2116–2122; Dec. Dig. § 460.*]

3. VENDOR AND PURCHASER (§ 231*) — BONA FIDE PURCHASER—NOTICE—DESCRIPTION OF LAND—SUFFICIENCY.

A recorded deed to lots situated in a specified city, county, and state, and described as a specified block containing 20 lots in a specified addition, was sufficient to charge a subsequent purchaser with notice, though he took the land under a deed describing it as bounded by specified streets.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 513–539; Dec. Dig. § 231.*]

4. TRESPASS TO TRY TITLE (§ 38*)—BURDEN OF PROOF.

In trespass to try title, the burden was on defendant to show that he was an innocent purchaser without notice and for value.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

---

5. VENDOR AND PURCHASER (§ 244*) — BONA FIDE PURCHASER—EVIDENCE—SUFFICIENCY. Evidence on trespass to try title *held* insufficient to show that defendant was a bona fide purchaser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 609–611; Dec. Dig. § 244.*]

Appeal from District Court, Tom Green County; J. W. Timmins, Judge.

Action by Mrs. Adda Ward against James M. Wilkerson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 135 S. W. 692.

Blanks, Collins & Jackson, for appellants. Jos. Spence, Jr., and Harris & Harris, for appellee.

RICE, J. On the 2d of December, 1909, Mrs. Adda Ward, appellee herein, brought this suit in trespass to try title against James M. Wilkerson, W. L. Wise, and Duke L. Martin, appellants, for the recovery of the following described property, to wit: The whole of block 49 in Miles' addition to the town of San Angelo, according to the map of said addition as laid out on a part of survey No. 321, in the name of M. Himner. Said block 49 is bounded on the south by Tenth street, on the east by Magdalen street, on the north by Eleventh street, and on the west by Oak street, in said Miles addition, and contains 20 lots.

Appellant Wilkerson answered by general demurrer, general denial, a plea of not guilty, and specially alleged that he purchased the land described in plaintiff's petition from Jonathan Miles, who asserted ownership thereto, paying full value therefor in good faith, without any knowledge of any claim thereto on the part of plaintiff or any other person. Defendants Wise and Martin answered by general denial, a plea of not guilty, and specially that defendant Martin loaned to Wilkerson, who asserted ownership of said block, the sum of $250, taking his note therefor, and to secure which said Wilkerson delivered to Wise, as trustee for his benefit a deed of trust, conveying said land to him, alleging that they knew nothing of plaintiff's claim to said land, or of any adverse claim thereto, and praying that, in the final disposition of the case, judgment be so entered as to protect their lien and deed of trust thereon.

The case was tried before the court, without a jury, who, upon hearing the evidence, rendered judgment in favor of appellee, from which appellants have prosecuted this appeal.

While there are several assignments of error, the principal question underlying all of them is whether or not appellant Wilkerson was a purchaser for value in good faith, without notice of plaintiff's claim to said land at the time of his purchase. This necessarily involves a statement of the evidence

upon which the judgment for appellee is predicated. It was agreed between the parties that 'the land in controversy in this suit was a part of survey No. 321 in the name of Himner, for 320 acres, situated in Tom Green county, and that Jonathan Miles is the common source of title. Appellee read in evidence a deed from Jonathan Miles to F. T. Nason, of date March 7, 1888, filed for record March 8, 1888, and duly recorded in the deed records of Tom Green county, conveying by general warranty the following described real estate situated in said county, and described in said deed as follows: "All of that certain piece or parcel of land in Jonathan Miles addition No. 1 to the town of San Angelo in Tom Green county, Texas, which is all of block number forty-nine (49) containing twenty lots, and numbered from 1 to 20 inclusive."

Appellee also read in evidence the deed from F. T. Nason and wife to herself, dated the 31st day of December, 1906, filed for record January 16, 1907, and duly recorded in the deed records of said county, conveying to her the following described real estate, situated in said county and state, described in said deed as follows: "All of those certain lots, pieces or parcels of land situated, lying and being in the city or town of San Angelo, in the county of Tom Green and the state of Texas, and bounded and particularly described as follows, to wit: Block number forty-nine (49) containing twenty lots in Miles' addition to said city of San Angelo, in Tom Green county, Texas. For particular description of said realty reference is here made to vol. Z on page 315 of the record of deeds of said county in the county clerk's or recorder's office of said county, town or city."

F. T. Nason, the vendee in the deed first set out, testified that he resided in San Angelo from 1883 to 1890, and that on the first day of March, 1888, he purchased the land in controversy from Jonathan Miles, receiving a deed therefor; that said Miles, prior to his purchase, pointed out said block of land to him as block 49 of Miles' addition, and that he purchased the same as block 49; and witness identified the same on the map of Miles' addition to the city of San Angelo, afterwards introduced in evidence.

There were three maps introduced; the first known as the original map of Miles' addition No. 1 to the town of San Angelo; the second a map known as Leach's map of San Angelo and its additions; and the third known as the Taylor map of San Angelo and its additions. Each of these maps contained said Miles' addition to the city of San Angelo, each of which shows block 49 in said addition lying between the streets named, as described in plaintiff's petition. And, while it is admitted that neither of said maps was duly recorded in the county clerk's

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

office, still it was shown that each of them was in general use in said city for many years prior to the execution of the deeds to plaintiff and defendant, and that the first was made about 1884, and was in common use for a number of years in the office of the city secretary, assessor, and collector; that the second was made by Frank Leach, a prominent real estate dealer who lived in said city for many years, and was kept in his office, open to the public, and generally referred to; and that the last map was made by U. G. Taylor, who at the time was the city engineer of San Angelo; that this map has been in constant use in the office of the city secretary, and appears from an indorsement thereon to be the map of San Angelo, compiled from official maps and other correct data by said Taylor, city engineer of San Angelo. No question was ever raised as to the correctness of either of said maps. It appears from the record that appellee was the only person who ever paid taxes upon the property in controversy.

Defendants read in evidence a general warranty deed from Jonathan Miles to James M. Wilkerson, dated the 19th day of March, 1908, filed for record the 4th day of April, 1908, and duly recorded in the deed records of Tom Green county, conveying the following described land, to wit: Lying and being situated in the town of San Angelo, Tom Green county, Texas, more particularly described as follows: "Beginning at a point where the easterly line of Oak street intersects with the westerly line of Ninth street in said town of San Angelo; thence north 30 west with the easterly line of Oak street to a point where the easterly line of Oak street intersects with southerly line of Eleventh street; thence north 60 east with the southerly line of Eleventh street to a point where the southerly line of Eleventh street intersects with the westerly line of N. Magdalen street; thence south 30 east, along the westerly line of Magdalen street to a point where the westerly line of Magdalen street intersects with the northerly line of Ninth street; thence south 60 west, along northerly line of Ninth street to the place of beginning." Defendants also read in evidence deed of trust in the usual form, executed by Wilkerson, conveying to Wise, trustee, the land above described, same being of date 9th of April, 1908, and filed for record on the 11th of April, 1908, and duly recorded in the deed records of Tom Green county; same being given to secure payment of one note for $250, executed by Wilkerson to Duke L. Martin.

It was agreed between the parties that the deed from Miles to Wilkerson embraced the land sued for, and that the consideration passing from Wilkerson to Miles was legal services rendered, and to be rendered thereafter, by the former to the latter, and that Wilkerson, at the time of such contract and conveyance, had no actual knowledge of any of the deeds, or of their contents, under and through which plaintiff asserts title. It is also agreed that neither the trustee nor the beneficiary in said deed of trust had any actual knowledge of any of the deeds through which plaintiff deraigns title.

From the foregoing, it clearly appears that before Miles conveyed to Wilkerson he had conveyed the land sued for to Nason, who conveyed to appellee, and that these deeds were all of record long before and at the time Wilkerson received his conveyance therefor from Miles. So that the only question involved in this controversy is whether or not Wilkerson was an innocent purchaser for value, without notice of plaintiff's rights.

[1] Appellant contends that since it appears that he had no actual notice of the deeds from Miles to Nason and Nason to plaintiff, that he was not charged with notice of anything contained therein that would put a prudent man upon inquiry. Whereas, appellee contends that he is not only charged with notice of the contents of such deeds, but, if the same contain anything that would put a prudent man upon inquiry, he is then chargeable with notice of whatever an inquiry would reveal. If this latter rule should prevail (and it seems to us to be in accord with reason and justice), then it would seem that, since each of said deeds conveyed a certain block out of a certain addition to the town of San Angelo, then, before appellant could become an innocent purchaser of the same, he is charged at least with the duty of making reasonable inquiry to ascertain whether or not the block in question had been conveyed by his grantor to others. And, if he had pursued this course, it appears that he would have easily ascertained that the very block that he purchased had been, prior thereto, conveyed to Nason and by him to appellee. Before appellant's grantor could obtain a proper description of the lots conveyed to him, it is evident that he must have consulted some map of the city of San Angelo in order to make this conveyance, since the same conveys a plot of land described as lying between certain streets in said city, and upon slight investigation it would have been divulged that this plot embraced block 49 in Miles' addition No. 1 of the town of San Angelo, the land sued for, and which had been formerly conveyed by his grantor to appellee through mesne conveyances. The gist of appellant's contention is that this record does not impart notice, because it does not sufficiently describe the land conveyed by Miles to Nason and by Nason to appellee. If the land so conveyed to appellee could be identified, then it is a good conveyance.

[2] It is but an imperfect description at best, and parol testimony may be resorted to for the purpose of identifying the land conveyed. See Watson v. Baker, 71 Tex. 748, 9 S. W. 867; Reagan v. Milby, 21 Tex. Civ. App. 21, 50 S. W. 588.

It is said, in Webb on Record of Titles, § 147, that: "The record of an instrument will not impart notice, unless it contains a sufficient description of the property conveyed or affected. In determining what will constitute a sufficient description, both the character of the instrument and of the property are to be taken into consideration. In a power of attorney, for instance, the description may be in very general terms. The record of deed or mortgage is ineffectual, unless it contains an appropriate description of the property attempted to be conveyed. Where there is no uncertainty on the face of the instrument, but, through a mistake, a different property is described from that intended to be conveyed, the record is notice of a conveyance or incumbrance only of the property mentioned. But, where an imperfect or erroneous description is given in such manner as to reasonably put one on an inquiry as to the property intended to be conveyed that would lead to a correct knowledge of the matter, the record will charge notice. So, where there is in a recorded instrument a reference to some other matter of record, by which a defective description will be aided and made certain, the record will impart notice. The application of these rules depends largely on the facts of the individual cases, and there is a noticeable lack of harmony in the decision of cases of this kind."

In the recent work of Minor & Wurtz on Real Property, § 1078, in discussing the question of what facts the record is notice, it is said: "The proper record of an instrument is constructive notice of every fact affecting the title which is therein recited, or which is alluded to in such way as to put a reasonably prudent man upon an inquiry which, if instituted, would have resulted in bringing the fact to light, and of the existence and terms of every instrument (although unrecorded) which is recited, and of all matter of law which results from the terms of the instrument. Thus the record of a mortgage with power of sale puts a subsequent purchaser upon notice of an execution of the power, although the latter does not appear on the record. So, if a deed appeared on its face to be executed in fraud of a trust, the record would be notice of the fraud, and a purchaser under the deed would take accordingly. So one who buys land under a recorded deed must take notice of whatever covenants it contains that run with the land." In Jenkins v. Adams & Wicks, 71 Tex. 1, 8 S. W. 603, it is said in the syllabus: "A junior purchaser of land is chargeable, not only with notice of the contents of registered deeds in the chain of title, but when the mesne conveyances contain that which should put a prudent man on inquiry, he is chargeable with notice of whatever an inquiry would have revealed." See, also, Carter v. Hawkins, 62 Tex. 393; Bacon v. O'Connor, 25 Tex. 213; Martel v. Somers, 26 Tex. 560; Swearingen v. Reed, 2 Tex. Civ.

App. 364, 21 S. W. 383; Zimpleman v. Stamps, 21 Tex. Civ. App. 129, 51 S. W. 341; West v. Oil Co., 46 Tex. Civ. 102, 102 S. W. 927. In the latter case it was held that, when the description in the deed is sufficient to identify and convey the land, the record of such deed is constructive notice to subsequent purchasers.

[3] We think there can be no question but what the deed to plaintiff was sufficient to convey the land. If so, under the authority last noted, it was sufficient, when recorded, to put appellant, not only upon notice of its contents, but, if the same contained any fact or facts which would put a reasonable man upon inquiry, then appellant was chargeable with notice of whatever such an inquiry would have revealed. See Jenkins v. Adams & Wicks, supra. The record in this case shows that Miles had sold to Nason block 49 out of the Miles' addition No. 1 to the town of San Angelo, and that Nason had conveyed the same to plaintiff. A reference to the maps in common use in the city of San Angelo showed that this property was located between the streets described in plaintiff's petition, which were the same streets surrounding the land which appellant was purchasing; and, notwithstanding that this was the case, no inquiry or investigation on the part of appellant is shown to ascertain whether or not his deed embraced property that had been previously conveyed by Miles. He was charged, not only with notice of what plaintiff's deed contained, but, if plaintiff's deed contained anything that would put him upon inquiry, he is likewise charged with notice of what the inquiry would have disclosed. This being true, a failure on his part, before purchasing, to investigate whether or not block 49 was embraced within the land that he was then purchasing, it seems to us, is such negligence on his part as to take him out of the rule of a bona fide purchaser for value without notice. The slightest inquiry on his part would have shown that block 49 had been previously conveyed to appellee. Notwithstanding this, no inquiry whatever was made by him, as shown from the record.

[4] The burden of proof was upon appellant to show that he was an innocent purchaser, without notice, for value. Watkins v. Edwards, 23 Tex. 443; Beavers v. Baker, 124 S. W. 450; Article 4640, Rev. Civ. Stat. *This being true, can he be held to have discharged this burden by merely showing that he purchased for value, and had no actual notice of the recorded deeds from his grantor to Nason and appellee?* The rule being that, if said deeds contained any fact that would put a reasonable man upon inquiry, then he is charged with notice of what such inquiry would have shown. These deeds disclosed that Miles had sold to appellee block 49 in his first addition to the town of San Angelo. He must have known by this recital that Miles had platted an addition to

said city, and that such additions usually contain blocks, subdivided into lots, through which are extended streets and alleys. And with this knowledge he takes a deed from the same grantor, conveying land to him, inclosed by designated streets of the same city, without making any inquiry as to whether or not said streets embraced the land that his grantor had previously conveyed to Nason and appellee.

[5] Did not these recitals impose upon him the duty of ascertaining what land was meant by block 49 in said conveyances? Especially so, since the land he was purchasing was described as lying between certain streets of the same city, without giving blocks or number of lots contained therein, which is an unusual description. And, if so, the question of its location was a most natural inquiry for him to have made; and, neglecting to make any inquiry at all, it seems to us he has failed to discharge the burden the law imposed upon him under the circumstances disclosed by this record. For which reason we believe the judgment of the court below should be affirmed, and it is accordingly so ordered.

Affirmed.