HIGGINBOTHAM BROS. & CO. v. BREED.

(Court of Civil Appeals of Texas. Austin. Oct. 22, 1913.)

VENDOR AND PURCHASER (§ 231*)—BONA FIDE PURCHASERS—CONSTRUCTIVE NOTICE—RECORDS.

　　The record of a deed of trust purporting to cover 17 acres within the town of Z., described as having been deeded to the grantor by S. about two years prior thereto by a deed described as being of record, was not constructive notice to a subsequent purchaser of 12½ acres in a survey not mentioned in the deed of trust, lying outside the boundaries of the town of Z.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

and all additions thereto, which had been conveyed to the grantor by a deed from S. and his wife executed about six months prior to the execution of the deed of trust, and which had not been recorded at the date of the deed of trust, that the deed of trust covered such land if it in fact did.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 43, 55, 487, 513–539; Dec. Dig. § 231.*]

Appeal from District Court, Brown County; John W. Goodwin, Judge.

Action by Higginbotham Bros. & Co. against Mrs. W. N. Breed and others. From a judgment in favor of the defendant named, plaintiff appeals. Affirmed.

Goodson & Goodson, of Comanche, for appellant.

KEY, C. J. Appellant, a private corporation, brought this suit against Geo. W. Hill, seeking recovery upon a promissory note and the foreclosure of a deed of trust. Mrs. W. N. Breed was made a party defendant, the plaintiff alleging that she was asserting title to the land covered by the mortgage, and a foreclosure was sought as against both defendants. The defendant Hill filed no answer, but Mrs. Breed answered by a general denial and other pleas unnecessary to be stated. There was a nonjury trial, which resulted in a judgment for the plaintiff against the defendant Hill for the debt and foreclosure upon the property as described in the mortgage but awarding no relief as against Mrs. Breed, and the plaintiff has appealed.

The trial judge filed the following findings of fact and conclusions of law:

### "Conclusions of Fact.

"(1) That Geo. W. Hill, defendant, is a nonresident of Texas, and the only character of service had upon him in this case was a notice, such as is provided for by the Revised Statute, art. 1869.

"(2) That defendant Geo. W. Hill did not appear or file answer herein but made default.

"(3) That Geo. W. Hill executed the note sued upon and described in plaintiff's petition, and that the amount stated in this judgment is the balance due on said note, which note is payable to plaintiff herein, who is the owner and holder thereof.

"(4) That on the 30th day of January, A. D. 1908, Geo. W. Hill made, executed, and delivered to plaintiff in this cause a deed of trust, naming D. Charles Clark as trustee, conveying to said trustee, for the purpose of securing plaintiff in the payment of note referred to in third finding of fact, among other lands, a tract described in said deed of trust as follows: '17 acres of land in the eastern part of the town of Zepher, Brown county, Texas, deeded to me by W. R. Shelton about 2 years ago; the deeds (several tracts of land were conveyed in the deed of

trust) to which are of record in Brown county, Texas, to which reference is made for description of same'—which deed of trust was duly acknowledged and filed for record in Brown county, Tex., February 6, 1908, at 8 o'clock a. m., and duly recorded February 13, 1908, in volume L, pp. 327–329, Records of Brown county, Tex.

"(5) I find that on the 12th day of November, 1908, Geo. W. Hill, by his warranty deed of that date, sold and conveyed to Mrs. W. N. Breed, a feme sole, in consideration of $1,550, $1,200 cash and two notes for $175 due one and two years after date, and dated November 12, 1908, a tract of land described in said deed as follows: 'All that certain tract or parcel of land in Brown county, Texas, a part of the Felix Wardziski survey, No. 324, abstract No. 962, more particularly described as follows: Beginning at the N. E. corner of the Ed Couch tract from which a P. O. vrs. N. 33¼ W. 10½ vrs., a P. O. south 28¾ W. 1½ vrs.; thence N. 255 vrs. to a stone set on the N. side of the Zephyr and Comanche road; thence W. with said road 169 vrs. to E. corner of the W. T. Scott tract from which a L. O. brs. S. 61 W. 26 vrs.; thence S. 57 W. 186 vrs. to a stake in N. W. side of said above-mentioned road; thence S. 33 E. 196.6 vrs. to a stake in N. line of Ed Couch tract made for A. A. Sheppard S. E. corner; thence with Ed Couch N. line 199½ vrs. to the beginning, containing 12½ acres. But it is expressly understood that the land herein conveyed does not include the 20-foot strip sold to A. A. Sheppard from the S. side of the above-described tract of land.' This deed was duly acknowledged and filed for record December 2, 1908, at 1 o'clock p, m., and recorded in Deed Records of Brown county, Tex., vol. 98, p. 392.

"(6) I find that on the 2d day of August, A. D. 1907, W. R. Shelton and wife, Nannie Shelton, by their deed of that date, sold and conveyed to Geo. W. Hill the tract of land described in the deed from Geo. W. Hill to Mrs. W. N. Breed, which deed was duly acknowledged and filed for record in the office of the county clerk of Brown county, Tex., November 6, 1908, and recorded November 12, 1908, in volume 98, p. 356, Deed Records of Brown county, Tex.

"(7) I find that, at the time Mrs. W. N. Breed purchased the land described in the fifth finding of fact, she knew nothing of the existence of the deed of trust described in fourth finding of fact, and that she had no actual knowledge of the existence of said deed of trust when she paid for the land so conveyed to her, and that she paid $1,200 cash at time deed bears date, and later paid the two notes for $175 each, given for the balance of the purchase money, and that at the time she paid said notes she had no actual knowledge or notice of said deed of trust, and that she at all said times had no

constructive notice of said deed of trust unless the recording thereof gave her such notice.

"(8) I find there is not, and never has been of record in Deed Records of Brown county, Tex., any deed from W. R. Shelton to Geo. W. Hill, but that, at the time Mrs. Breed purchased the aforesaid tract of land from Geo. W. Hill, there was of record the deed described in the sixth finding of fact, the same being from W. R. and Nannie Shelton to Geo. W. Hill, and filed for record November 6, A. D. 1908, at 11 o'clock a. m., and which described the land as set forth in the sixth finding of fact.

"(9) I find that when the deed of trust described in the fourth finding of fact was filed for record in Brown county, Tex., on February 6, 1908, there was no deed of record in Brown county, Tex., to Geo. W. Hill from either W. R. Shelton or from W. R. Shelton and wife, and that the deed from W. R. Shelton and wife to Geo. W. Hill was not filed for record until November 6, 1908.

"(10) I find that the land sold by Geo. W. Hill to Mrs. Breed is not situated within the limits of the town of Zephyr, as laid out by original plat and addition thereto, but lies beyond such limits some fourth of a mile from the limits of said town as laid out and used.

"(11) I find that the town of Zephyr is unincorporated and is a village of some 500 or 600 people and has stores, churches, schoolhouses, residences, and has streets and alleys, and that several additions to said town have been made at different times, but that the land in question and claimed by Mrs. Breed lies without and beyond the original town and all additions thereto.

"(12) I find that the land described in the deed of trust is not, from the description given therein, the same land as that conveyed by Geo. W. Hill to Mrs. Breed, and that the description is not sufficient to give her record notice that said land was the same conveyed to her by Geo. W. Hill and not sufficient to put her upon inquiry.

"Conclusions of Law.

"(1) That plaintiff is entitled to establish his debt against Geo. W. Hill and to a foreclosure of his deed of trust on the land described therein.

"(2) That the deed of trust does not cover the land of Mrs. Breed, and plaintiff is not therefore entitled to foreclosure of the deed of trust as to her or as to the land conveyed to her by Geo. W. Hill.

"(3) That Mrs. Breed is an innocent purchaser for value and without notice of plaintiff's deed of trust, actual or constructive, and plaintiff is not therefore entitled to foreclosure of its deed of trust as to her on the land claimed by her.

"(4) Plaintiff is entitled to judgment establishing his debt as against Geo. W. Hill and for foreclosure of its deed of trust lien on the land described and as described in said deed of trust as against said Hill and said Hill only.

"(5) That plaintiff take nothing as against defendant Mrs. Breed, and that she go hence without day and recover her costs."

In addition to the judge's findings of fact it is proper to state that the undisputed proof showed that W. R. Shelton had never sold or conveyed to Geo. W. Hill any land other than that conveyed by the deed from W. R. Shelton and wife to Geo. W. Hill, dated August 2, 1907.

Opinion.

The trial judge's seventh finding of fact, to the effect that up to the time that Mrs. Breed finished paying for the land she had no actual knowledge or notice of appellant's deed of trust, is not challenged, and therefore we dispose of the case upon the assumption that the finding referred to is correct. Appellant's contention is that the registration of the mortgage constituted constructive notice, and therefore Mrs. Breed was not entitled to protection as an innocent purchaser, as held by the trial court, but we are unable to concur in that contention. G. W. Hill sold and conveyed to Mrs. Breed a tract of land described as part of the Felix Wardziski survey, and further described by metes and bounds, and to contain 12½ acres, less a strip 20 feet in width off of the south side, which had formerly been sold to another party. The land so conveyed was not described as located within, and in fact was not and is not located within, the boundaries of the town of Zephyr, or of any addition thereto, as the same had been platted and recorded. Appellant's mortgage does not refer to any land on the Wardziski survey, nor any land outside of the town of Zephyr, but purports to convey, not any portion of a 12½-acre tract, but 17 acres of land within the town of Zephyr, and further described as land deeded to Hill by W. R. Shelton about two years prior to the date of the mortgage, and the deed to which is described in the mortgage as of record in Brown county at that time. Now, the deed from W. R. Shelton and wife to Hill, under which Mrs. Breed claims, was executed only about six months prior to the execution of appellant's mortgage and was not recorded at the time the mortgage was executed. Those facts would, it seems to us, justify a reasonably prudent person in reaching the conclusion that the mortgage was intended to convey a different tract of land from the one conveyed by Hill and wife to Mrs. Breed. Hence we conclude that the trial court was correct in holding that Mrs. Breed was entitled to protection as an innocent purchaser. We think this case is readily distinguishable from Wilkerson v. Ward, 137 S. W. 158, and other cases relied on by counsel for appellant.

As to whether the mortgage was valid as

between appellant and Hill, it is unnecessary for us to decide, because the trial court rendered judgment by default for appellant as against Hill, with a foreclosure of the mortgage according to the description given therein; and if, as between appellant and Hill, the former had the right to a foreclosure as against the land as described in the deed from Shelton and his wife to Hill and from Hill to Mrs. Breed, it is quite clear that such a judgment would be barren and of no benefit because of Mrs. Breed's superior title to the land.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.