**YATES et al. v. BUFFALO STATE BANK.**
**(No. 8018.)**

(Court of Civil Appeals of Texas. Galveston.
Feb. 23, 1921.)

**1. Appeal and error ⬅️770(1)—Brief filed by appellants in absence of other must be regarded as proper presentation of case.**

Under rules 40, 41, for the Courts of Civil Appeals (142 S. W. xiv), where appellants alone have filed a brief, the court must regard such brief as a proper presentation of the case without examining the record.

**2. Trespass to try title ⬅️38(1)—Defendants sued by one with legal title have burden to show facts subordinating it to their equities.**

Where plaintiff bank, suing in trespass to try title, held legal title to the whole of the land sued for, one tract by mesne conveyance from the ancestor of certain defendants, the other by such conveyances from the ancestor of the other defendants, the burden was on defendants, claiming equities in such land superior to such legal title, to show facts subordinating such legal title to their equities.

**3. Vendor and purchaser ⬅️231(3)—Deed to plaintiff's predecessor held to have disclosed facts putting him and successors on inquiry.**

Deed executed by the ancestor of certain defendants in plaintiff bank's suit in trespass to try title, and by others, to plaintiff bank's predecessor, *held* to disclose such facts as required such predecessor and subsequent purchasers under him to make proper inquiry as to what persons owned an interest in the land, which inquiry, had it been pursued, would have advised such predecessor of the equities owned by defendants.

**4. Vendor and purchaser ⬅️231(3)—Junior purchaser chargeable with notice of whatever inquiry as to matter appearing in mesne conveyances would have revealed.**

A junior purchaser of land is chargeable not only with notice of the contents of a registered deed in the chain of title, but when the mesne conveyances contain that which should put a prudent person on inquiry he is chargeable with notice of whatever such inquiry would have revealed.

Appeal from District Court, Leon County; J. A. Platt, Judge.

Suit by the Buffalo State Bank against Mary Yates and others. From judgment for plaintiff, defendants appeal. Affirmed in part, reversed and remanded in part.

Joe H. Seale, of Centerville, for appellants.

LANE, J. This suit was brought by appellee, the Buffalo State Bank, on the 27th day of January, 1919, against the unknown heirs of E. A. Swayzie and his wife, Mary Swayzie, the unknown heirs of George Cook, Sr., and one S. A. Castles and other parties, who have not appealed and are no longer concerned in the issues presented by this appeal, and who will not, therefore, be further mentioned in this opinion.

The petition of the plaintiff is in the usual form of petitions in suits of trespass to try title, with the additional allegation that the plaintiff has title to the land sued for, under the statute of limitations of three, five, and ten years. The suit was to recover title to three tracts of land situated in Leon county, Tex., the first of which contained 44 acres, the second 176 acres, and the third 200 acres, all of the aggregate acreage of 420.

Appellants Mary Yates and Drew Moody, as two of the heirs of Mary Swayzie, deceased, joined by their husbands, in answer to the plaintiff's petition, pleaded, first, not guilty; second, general denial; third, that they, the said Mary Yates and Drew Moody, and /Dave Woods, Guy Woods, and Lee Woods are the joint owners of an undivided one-sixteenth interest in and to the two tracts of 44 acres and 176 acres described in plaintiff's petition, and that the plaintiff is the owner of fifteen-sixteenths undivided interest therein; and, fourth, that the rents collected from said lands for the years 1918 and 1919 were in the aggregate sum of $575. They prayed for partition of the land and for general relief.

Appellant S. A. Castles answered, first, by plea of not guilty; second, by general denial; third, that he is owner of a one-half undivided interest in and to the 200-acre tract of land described in plaintiff's petition, and that the plaintiff owns the other one-half undivided interest therein; and, fourth, that the rents collected for the years 1918 and 1919 for said land were in the aggregate sum of $335. He prayed for partition and for general relief.

John H. Adkins, an attorney at law theretofore appointed by the court to represent appellants David Woods, Guy Woods, and Lee Woods, all of whom had been duly served with citation by publication and who had not theretofore answered, filed answers for said parties, generally denying each and every allegation in the plaintiff's petition. Under such appointment he also answered in like manner for all other defendants served by publication and who had not answered.

The undisputed evidence shows that W. D. Woods and J. R. Monroe, by their deed of date November 26, 1883, conveyed to George Cook, Sr., the 200-acre tract described in the plaintiff's petition; that at the time of such sale and purchase George Cook, Sr., was a married man and that said property was the community property of himself and his wife, Sarah Cook; that Sarah Cook died on the 26th day of October, 1885, and left surviving her two sons, George M. Cook and Carey J. Cook, who are still living; that on

the 15th day of October, 1886, about one year after the death of his wife, George Cook, Sr., conveyed said 200-acre tract to E. A. Swayzie, and at the time of such sale E. A. Swayzie knew of the facts above stated and knew that said property belonged to the community estate of George Cook and his deceased wife, Sarah Cook; that on the 29th day of December, 1880, W. D. Woods and J. R. Monroe, by their deed of that date, conveyed to E. A. Swayzie the tract of land of 176 acres described in the plaintiff's petition; that on the 8th day of December, 1882, J. R. Monroe and others by their deed of that date conveyed to E. A. Swayzie the tract of land of 44 acres described in plaintiff's petition; that E. A. Swayzie was a married man on the several dates on which he purchased said two tracts of land of 176 and 44 acres, respectively, and that such property was the community property of himself and his wife, Mary Swayzie; that Mary Swayzie died some time prior to 1900 and left surviving her eight children, among whom was Martha, who married Andrew Woods in 1884; that on the 22d day of November, 1900, some time after the death of Mary Swayzie, wife of E. A. Swayzie, and after the death of Martha Woods, who left surviving her the appellants, Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, E. A. Swayzie and the surviving children of E. A. and Mary Swayzie conveyed all three of the tracts described in plaintiff's petition to J. W. Johnson, and that the legal title of these three tracts passed by mesne conveyances from Johnson to the plaintiff, the Buffalo State Bank. On the 9th day of February, 1918, George M. Cook and Carey J. Cook executed a deed by the terms of which they conveyed an undivided one-half of the 200-acre tract described in plaintiff's petition to S. A. Castles.

It was agreed that as between the appellee bank and appellants Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, the children of Martha Woods, and the grandchildren of Mary Swayzie, E. A. Swayzie is the common source of title; and as between the appellee and the appellant S. A. Castles, George Cook, Sr., is the common source of title.

There was no evidence showing or tending to show that J. W. Johnson, who purchased the 200-acre tract from E. A. Swayzie, had any notice, either actual or constructive, of the equities of George M. Cook and Carey J. Cook in said land at the time of such purchase, nor at any time while he owned the same; nor was there any evidence showing or tending to show that any of the intervening purchasers between J. W. Johnson and the appellee bank had any such notice at the time of their several purchases.

The case was tried before the court without a jury and judgment was rendered in favor of the plaintiff, the Buffalo State Bank, for the land described in its petition as against all of the defendants. From the judgment so rendered Mary Yates and Drew Moody and their husbands and David Woods, Guy Woods, Lee Woods, and S. A. Castles have appealed.

The court at the request of appellants filed his findings of fact and conclusions of law, among which are substantially the following:

First, that the joint possession of George Cook, Sr., and E. A. Swayzie to the 200-acre tract described in plaintiff's petition had ripened into title in Swayzie under the statutes of limitation of five and ten years, pleaded by appellee, prior to the conveyance of Swayzie to Johnson in the year 1900, as against all the defendants who had been served by publication, except such as had filed answers.

Second, that the possession of E. A. Swayzie to the 44 and 176 acre tracts described in said petition had ripened into title in Swayzie under the statutes of limitation of five and ten years, pleaded by appellee, prior to the conveyance of Swayzie to Johnson in the year 1900, as against all the defendants served by publication, except such as had filed answers.

Third, that there was no evidence showing or tending to show that J. W. Johnson had any notice whatever of the equities claimed by S. A. Castles through George M. Cook and Carey J. Cook prior to his purchase from E. A. Swayzie in the year 1900, and that there was no evidence showing or tending to show that the appellee, or any intervening purchaser from Johnson down to and including appellee, had any notice whatever of such equities.

Fourth, that there was no evidence showing or tending to show that J. W. Johnson, or any of the purchasers under and through him, had any notice whatever of the equities claimed by appellants Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods prior to their several purchases.

Based upon these findings, the court filed his conclusions of law as follows:

"First. Plaintiff, Buffalo State Bank, acquired title by prescription to the land described in this petition against the unknown heirs of E. A. Swayzie, deceased, except those who have otherwise answered herein, the unknown heirs of J. L. Monroe, deceased, the unknown heirs of A. H. Weir, deceased, the unknown heirs of J. R. Monroe, deceased, the unknown heirs of J. E. Anderson, deceased, the unknown heirs of C. W. Henderson, deceased, the unknown heirs of W. D. Wood, deceased, and the unknown heirs of Mrs. E. A. Swayzie, deceased, who was the wife of E. A. Swayzie, deceased, who have not otherwise answered under the statute of limitation of five years and under the statute of limitation of ten years.

"Second. The burden of proof is on the defendants, George M. Cook, Carey J. Cook, Mary

Yates, Taylor Yates, Drew Moody, Oscar Moody, David Wood, Guy Wood, Lee Wood, and S. A. Castles, to show that plaintiff had actual or constructive notice of their equities, and having failed to do so, the plaintiff takes the land described in its petition from the equitable community title of the heirs of Mrs. E. A. Swayzie, the deceased wife of E. A. Swayzie, deceased, and from the equitable title of the heirs of Mrs. Sarah Cook, deceased wife of George Cook, deceased, and from S. A. Castles, the grantee of the said George M. Cook and Carey J. Cook."

[1] Appellants alone have filed a brief in this court. Therefore, governed by rules 40 and 41 for the Courts of Civil Appeals (142 S. W. xiv), we must regard the brief of appellants as a proper presentation of the case without examining the record.

Appellants insist that the findings and conclusions of the court and the judgment based thereon are not supported by the evidence nor by the law governing such facts as proven. We think the findings and conclusions of the court with reference to the 200 acres, known as the Cook tract, except the first finding of fact, are supported by the undisputed evidence and the law, and as the first finding becomes immaterial, in view of the other findings, the error of the court in making such finding is no cause for reversal of the judgment. Having reached such conclusion, so much of the judgment as decrees a recovery by appellee of the 200-acre tract, as against all defendants, is affirmed.

It is contended, however, by appellants, that the burden of proving that the purchases of appellee and those under whom it claims were without notice at the time of such purchase of the equities of S. A. Castles, claimed through George and Carey J. Cook, and the equities claimed by Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, as heirs of their grandmother, Mary Swayzie, was upon appellee, and that as there was no such proof judgment should have been for said parties for such portion of the land as they had shown themselves equitably entitled to.

[2] To this contention we cannot agree. The undisputed evidence shows that appellee held the legal title to the whole of the land sued for; the 200-acre tract by mesne conveyance from George Cook, Sr., and the other by such conveyances from E. A. Swayzie. This being true, the burden was upon one claiming equities in such land superior to such legal title to show such facts as would subordinate such legal title to their equities.

[3] Having disposed of the issues raised with reference to the 200-acre tract, such issues being between appellee and appellant S. A. Castles only, as by their answer the appellants other than Castles made no claim to any of the land sued for except an undivided one-sixteenth interest in the two tracts of 44 and 176 acres, respectively, we now come to a consideration of the contention of appellants Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, that the court erred in finding that there was no evidence showing or tending to show that J. W. Johnson, and those who purchased under him, had any notice or knowledge whatever of the equities of said appellants at the time of their several purchases.

We think this contention should be sustained. As before stated, it was shown that the property in question belonged to the community estate of E. A. Swayzie and his wife Mary Swayzie, and that upon her death her children, namely, Martha, D. F., commonly known as Frank, Ida, Alice, Missie, Lydia, Mary, and George, inherited from her an undivided one-half interest therein, or each a one-sixteenth undivided interest, and that E. A. Swayzie, the surviving husband, owned the other one-half thereof.

It was also shown that Martha married Andrew Woods in 1884, and that after the death of her mother, Mary Swayzie, she died and left surviving her five children, namely, Mary, who married Yates, Drew, who married Moody, David Woods, Guy Woods, and Lee Woods; that Mary Woods died prior to the execution of the deed by E. A. Swayzie and others to J. W. Johnson.

The deed by which the land in controversy was conveyed to J. W. Johnson is as follows:

"The State of Texas, County of Leon.

"Know all men by these presents: That I, A. E. Swayze, Sen., of the county of Leon and state aforesaid, for and in consideration of the sum of twenty-five hundred dollars to me in hand paid by Jesse W. Johnson, have granted, sold and conveyed and by these presents do grant sell and convey unto the said Jesse W. Johnson, of the county of Leon and state of Texas, all that certain tract or parcel of land being 483$^7/_{10}$ of the J. Furgason survey situated in Leon county on the waters of Wheelock Creek, more fully described by the following deed, which shall become a part hereof, 178$^7/_{10}$ acres deeded to me by W. D. Wood & A. H. Weir, of date January 29, 1876, recorded December 29, 1880; 200 acres deeded to me George Cook, of date October 15, 1886, recorded December 15, 1890, in Book Y, pages 557 and 558; 44 acres deed to me by W. D. Wood and others, of date December 6, 1882, recorded October 2, 1886; 63 acres deed to me by T. A. Phillips and wife, of date February 1, 1897. To have and to hold the above-described premises together with all and singular the rights and appurtenances thereto in any wise belonging unto the said Jesse W. Johnson, his heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Jesse W. Johnson, his heirs and assigns, against

every person whomsoever lawfully claiming or to claim the same or any part thereof.

"Witness my hand at Buffalo this 22d day of November, A. D. 1900.

"E. A. Swayze.
"Ida Allea Missie Swayze.
"D. F. Swayze.
"Lydia White.
"D. C. White.
"Mary L. Marsh.
  his
"A. M. X Marsh.
  · mark
"Alice Swayze."

This deed was duly acknowledged by all the grantors, and was filed for record on the 9th day of January, 1902.

J. W. Johnson, of course, had actual knowledge of the contents of the deed and of the signatures of the grantors, and it was a link in the chain of title of those claiming under Johnson and they had constructive knowledge of the same facts.

It is apparent from the deed that seven persons joined E. A. Swayzie, who held the legal title to the land, as joint grantors; that the names of Missie Swayzie, D. F. Swayzie, and Alice Swayzie appeared on the deed as cograntors. The amplification of appellants' contention is that the fact that the holder of the legal title was joined by others in the execution of the deed to Johnson, some of them bearing the name of Swayzie, was notice to Johnson and subsequent purchasers under him that persons other than E. A. Swayzie, and possibly his children, were claiming an equitable interest in the lands, and that the knowledge of such facts was such knowledge as should and would have put a person of reasonable care and prudence, thereafter purchasing the land, upon inquiry as to whether or not there were others besides the signers owning an interest in the land, and if such inquiry had been made such purchasers would have been fully informed of the equities of appellants, and therefore appellee is in no position to claim to be a purchaser of the legal title without notice of the equities of appellants Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, and that the court erred in holding to the contrary and in rendering judgment for appellee for the whole of the two tracts of land.

That appellants Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods were the equitable owners of an undivided one-sixteenth interest in said two tracts of land is undisputed, and we have reached the conclusion that the facts disclosed by the deed of E. A. Swayzie and others was notice to Johnson and subsequent purchasers under him of such facts as would require him and them to make proper inquiry as to what persons owned an interest in said land, and that had they made such inquiry they would have been advised of the equities owned by said appellants.

In addition to what has been said with reference to the deed mentioned as being notice of facts calling for explanation, we call attention to the fact that it is apparent from the face of the deed that it was intended as the deed of E. A. Swayzie alone, and to be executed by him only. And we think it is also apparent that when J. W. Johnson, the grantee, discovered the fact that the deed had been executed only by E. A. Swayzie he demanded that the heirs of Mary Swayzie, deceased wife of E. A. Swayzie, should also execute the same before he would accept it. Taking the deed as a whole, we think no other reasonable conclusion can be reached than as just suggested. The deed shows that E. A. Swayzie signed it on the 22d day of January, 1900, and that more than a year thereafter the children of Mary Swayzie then living signed and acknowledged it, although no mention of any of them was made in the body thereof. Martha Woods, one of the heirs of Mary Swayzie, and the mother of appellants, Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, having died prior to the execution of the deed, did not execute the same. Taking the deed as a whole, we are of the opinion that it clearly disclosed such facts as should have put appellee and those under whom it claims upon such inquiry as if pursued would have informed them of the existence of the equities of said appellants.

[4] The rule that a junior purchaser of land is chargeable not only with notice of the contents of a registered deed in the chain of title, but when the mesne conveyances contain that which should put a prudent person on inquiry he is chargeable with notice of whatever such inquiry would have revealed, is well settled in this state. Wilkerson v. Ward, 137 S. W. 158; Carter v. Hawkins, 62 Tex. 393; Bacon v. O'Connor, 25 Tex. 213; Ross v. Morrow, 85 Tex. 172, 19 S. W. 1090, 16 L. R. A. 542; New York Land Co. v. Hyland, 120 Mo. 383, 25 S. W. 206; Jenkins v. Adams, 71 Tex. 1, 8 S. W. 603.

We think the rule above stated is peculiarly applicable to the facts of the present case.

Having reached the conclusions above expressed, it follows that so much of the judgment as is in favor of appellee against all the defendants in the trial court for the 200-acre tract of land described in the plaintiff's petition is affirmed, and that so much of the judgment as is in favor of appellee against appellants Mary Yates, Drew Moody, David Woods, Guy Woods, and Lee Woods, for a one-sixteenth undivided interest in the two tracts of 44 and 176 acres, respectively, described in the plaintiff's petition, is reversed and remanded for trial only upon the question of limitation pleaded by appellee.

We have carefully examined the evidence on the question of limitation, and we do not

think it is sufficient to support the judgment rendered in behalf of appellee.

We overrule the contention that appellant Lee Woods was not properly before the court. Under the facts as disclosed by the record we do not think the statute invoked is applicable.

Affirmed in part, and in part reversed and remanded.