**SCHLAEGER v TITLE GUARANTEE & TRUST CO et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4159. Decided June 20, 1932

Charles F. Hornberg, Cincinnati, and Harry R. Weber, Cincinnati, for plaintiff in error.

Moulinier, Bettman & Hunt, Cincinnati, for defendants in error.

ROSS, PJ.

It is claimed that the form of the instrument does not comply with the requirements of the statutes. An examination of the instrument discloses sufficient of the body of the instrument upon the page containing the acknowledgment to meet the demands of the statute.

After giving of the trust instrument and the advance of a part of the proceeds of the bonds secured thereby, Dennis and Barasch executed a mortgage to the plaintiff in error, who paid him the amount secured thereby and before the entire sum secured by the trust indenture had been advanced.

The evidence indicates that the Trust Company knew of the mortgage before making further advances.

It is claimed that although the mortgage specifically postponed the lien of the mortgage to that of the full amount of the trust indenture that the lien of the latter is prior to that of the mortgage only to the extent of advances made under the trust indenture before the recording of the mortgage. On the first page of the trust indenture it is provided:

"WHEREAS, the Mortgagors, in order to provide in part the funds for the payment of the construction and equipment of an apartment building upon the real estate hereinafter described, have agreed to issue and deliver their six and one-half (6½) percent First Mortgage Gold Bonds in the principal amount of One Hundred and Thirty Thousand Dollars ($130,000), maturing serially, each dated the first day of November, 1928 and bearing interest from said date at the rate of six and one-half (6½%) percent per annum, payable semi-annually, * * *."

The Trust Company was obligated to credit the proceeds of the bonds upon their sale, and they were so credited to Dennis and Barasch, and used in the construction.

Both law and equity are in accord that under such circumstances the lien of the trust indenture is valid and prior to that of a mortgage, recorded after the recording of the trust instrument, though the proceeds of the mortgage are paid before the deferred advances under the trust indenture.

The general rule is stated in Ruling Case Law, Vol. 19, p. 430:

"The cases are generally agreed that where the mortgagee is bound by his contract with the mortgagor to make advances in the future, or where the right to decline depends on facts dehors the instrument, and which may be the subject of dispute or contention, he will take precedence over any subsequent incumbrance

given by the mortgagor, although he may have actual notice of such incumbrance at the time the advance is made. A considerable number of jurisdictions have adopted the view that a mortgage to secure future advances, which on its face gives information as to the extent and purpose of the contract, so that a purchaser or junior creditor may by an inspection of the record, and by ordinary diligence and common prudence, ascertain the extent of the incumbrance, will prevail over the supervening claim of such purchaser or creditor as to all advances made by the mortgagee within the terms of such mortgage, although made with notice of such subsequent incumbrance."

See also: 19 Ruling Case Law, §19, pp. 286, 287.

This court held in the case of Kuhn, Trustee v Southern Ohio Loan & Trust Company, in an opinion by Shohl, PJ, decided March 24, 1919, that where the mortgagee was obligated for specific advances, that the lien of such mortgage was prior to a subsequently recorded mortgage.

Although it is contended in the instant case that the trust indenture contains no obligation to make future advances, we find from a reading of the instrument that such claim is not tenable. The instrument would have supported an action by the mortgagee for the deferred payments upon the sale of the bonds. As pointed out in the Kuhn case, the Trust Company would have been in a most embarrassing position if it were required to refuse advances because of the subsequent lien taken with full notice of the first incumbrance, and subject to it. Such a rule manifestly impairs the obligation of the original contract.

The judgment of the Court of Common Pleas is affirmed.

HAMILTON and CUSHING, JJ, concur.