### S S KRESGE CO v BUTTE et

Ohio Common Pleas, Jefferson Co

No 27322. Decided April 28, 1937

S. N. Galvin, Cleveland, and Ben Schwartz, Cleveland, for plaintiff.

R. B. Cohen, Steubenville, David M. Spriggs, Steubenville, and Thomas S. Jones, Steubenville, for defendants.

**OPINION**

By WEINMAN, J.

On September 27, 1928, a lease was entered into by the plaintiff company and the defendants, covering a period of thirty years for property located in Steubenville, Jefferson County, Ohio. Pursuant to the terms of said lease, the plaintiff company entered said premises, removed an old building and constructed a new building, and remained in quiet possession of said premises and carried out all the provisions of said lease until January 17, 1934. On that date the defendants were duly notified that the purported lease, dated September 27, 1928, was a lease from year to year, and that the plaintiff company would vacate the premises and terminate their liability on the purported lease at the end of the year 1934.

This action, filed in June, 1934, is brought under the provisions of §12102-1 GC, the Uniform Declaratory Judgments Act of Ohio, asking the court to declare by judgment the rights of the parties under the indenture of lease set forth in the petition and marked Exhibit A.

The evidence adduced develops that the lease agreement as contained in the writing upon sixteen separate sheets of paper expresses the exact intentions of the parties thereto; that the same was executed under the guidance and direction of capable counsel; that immediately following its execution, and pursuant to its terms, the

complaining party made extensive, permanent and costly changes in building improvements upon the real estate involved; that not the slightest suggestion of fraud is to be inferred from anything that occurred in connection with the execution of the agreement, and that the typewritten words expressed the intention of the parties.

The evidence further adduced, together with an examination of the purported lease, Exhibit A, discloses that nineteen separate sheets, a plat and a manuscript cover, comprising the purported lease, are firmly bound together by brass rivets which are so constructed that when once drawn through the paper and compressed, present a fastening which must be destroyed, as such, if removed, and cannot be detached without to some extent leaving a trace of mutilation. In addition to the brass rivets, three staples, or paper fasteners, are used to fasten these nineteen sheets together. The nineteen sheets are further bound and backed with a manuscript cover and no sheet could be inserted in the collection of nineteen pages without first removing the rivets.

The lease itself discloses that each of the nineteen separate sheets, as well as the manuscript cover contained the name: Hill, Morgan and Bledsoe. The evidence discloses that "Hill, Morgan and Bledsoe" are the attorneys at law from Los Angeles, California, who prepared this instrument of lease. Each of the nineteen sheets, which are bound together to constitute this purported lease, are on a specially prepared paper with a ruled margin thereon, having consecutive numerals inserted on the left hand side of each page numbering from one to twenty-six, indicating that number of lines. Each of the first sixteen sheets containing the body of the lease, as well as the signatures at the end thereof, are initialed by a representative of the plaintiff company, and also by a representative of the defendants. On the back of page 16, we find an acknowledgment of said purported lease, made in Jefferson County, Ohio, by John C. Butte, one of the defendants, before a Notary Public, as provided for by the laws of the State of Ohio. This particular defendant has an interest in said property amounting to a vested remainder, subject to the life estate of Lena Butte, his mother. Sheets 17, 18 and 19, being the last three sheets of the purported lease, contain acknowledgments of the remaining defendants. These acknowledgments were taken in California, and in form, they comply with the laws of the State of Ohio, but, in form, do not comply with the laws of the State of California.

Subsequent to notice being served upon the defendants by the plaintiff company of its consideration of said purported lease as being a tenancy from year to year, and in April of 1934, the defendants residing in California, who had acknowledged this purported instrument in California, re-acknowledged the same on the back of page 16 in conformity with the laws of the State of California, and the State of Ohio. After said subsequent acknowledgment on the back of page 16 of the defendants' copy of said lease, the same was tendered to the plaintiff company and duly refused. This subsequent acknowledgment was executed after defendants were duly notified by the plaintiff company that they wished to terminate said lease. This court ▮▮▮▮▮ ▮ is therefore prone to disregard the re-acknowledgment in reaching its decision. Any subsequent acknowledgments, ante dating notice of the terminus of a lease deserves the consideration of the court. (S. S. Kresge Co. v The B. D. K. Co., 52 Oh Ap 101; 6 O. Opinions 236).

It is the contention of the plaintiff company that the lease agreement in question is invalid and ineffective to convey the leasehold estate recited in the agreement, by reason of the fact that it was executed in violation of §§8510 and 8516, GC.

Sec 8510 GC reads as follows:

"A deed, mortgage or lease of any estate, or interest in real property must be signed by the grantor, mortgagor or lessor, and such signing be acknowledged by the grantor, mortgagor, or lessor in the presence of two witnesses who shall attest the signing, and subscribe their names to the attestation. Such signing also must be acknowledged by the grantor, mortgagor or lessor before a judge of a court of record in this state, or a clerk thereof, a county auditor, county surveyor, notary public, mayor or justice of the peace, who shall certify the acknowledgment on the same sheet on which the instrument is written or printed and subscribe his name thereto."

The above requisites are modified to some extent by §8517, GC, which provides:

"Sec 8517 GC. Temporary leases unaffected. Nothing in this chapter contained shall affect the validity of any lease of school or ministerial lands, for any term not exceeding ten years; or of any other lands, for any term not exceeding three

years; or requires such lease to be attested, acknowledged or recorded."

The express terms of this section remove various leases for terms not exceeding three years from the operation of §8510 GC, but in no way affect a lease for a period in excess of three years.

The petition herein recites:

"Plaintiff says that said lease was prepared by defendants and was written on nineteen separate sheets of paper; that prior to the execution thereof said sheets were securely bound and fastened together at the side with brass brads and covered with a manuscript cover so as to form one instrument of nineteen pages."

It is claimed by reason of the position of the various acknowledgments of the defendants living in California, which acknowledgments also contain the name of the notary public, that the provisions of §8510, GC, are violated in that the certificate of acknowledgment is not on the same sheet on which the instrument is written or printed.

This brings before the court the construction of §8510, GC, which has been the law of this state, with some modifications, for practically one hundred years. Literal construction of this statute would, of necessity, invalidate the lease in question, along with thousands of others similarly executed, but the Ohio courts have restricted the operation of this statute by liberal construction.

In the earliest history of the statute, the courts construed it strictly. Deeds were relatively simple and short at that time, and generally were written on one sheet of paper. One of the earliest cases in point is Winkler v Higgins, 9 Oh St 599 (1859). In that case the court held that a certificate of acknowledgment written upon a separate strip of paper attached to the deed by a wafer bearing the official's seal was not a compliance with the statute. The court expressed apprehension at the possibility of fraud if such a practice were permitted, because of the ease with which such a certificate of acknowledgment might be removed from one instrument and attached to others. There was apparently no evidence of actual fraud in the case.

When the point was next passed upon by the Supreme Court, business conditions were greatly changed. The expansion of business and the development of great urban centers caused deeds to increase in both complexity and size. The courts recognized that it was no longer feasible to draw deeds on a single sheet of paper. In the case of Norman v Shepherd, 38 Oh St 320 (1882), a mortgage deed written upon two separate sheets of paper, attached by two brass paper fastenings, the first page containing the granting clause and the description of the property, and the second sheet containing the testatum clause, the signature of the parties, and the certificate of the officer receiving the acknowledgment, was held to satisfy the requirements of the statute.

The court distinguished the Norman case from the Winkler case on the ground that the deed in the Winkler case was not permanently bound so as to prevent additions to it, after the notary had affixed his signaure, while the mortgage in the Norman case was permanently bound, thereby precluding the possibility of its being altered, so that it insured the object of the statute, that of preventing fraud.

In Schlaeger v Title Guaranty Trust Company, 37 O.L.R. 474 (1932), (13 Abs 5) a mortgage was executed in such form that the acknowledgment of the mortgagors appeared upon a separate sheet, at the top of which was written the final two words of the mortgage, "original trustee." It was held that the requirement of §8510, GC, is satisfied. This holding indicates that the principle of the Norman case still governed in Ohio in 1932.

The cases seemed to illustrate the development of a liberal construction of the statute. The legislature could not have intended to set up as a rigid requirement that all instruments of this nature should be written upon one sheet of paper only. It is more probable that the legislature intended primarily that the requirement should act as a deterrent to fraud. The courts have adopted a practical attitude and kept pace with changing economic conditions and commercial requirements by construing the statute in a liberal fashion.

The courts have applied this rule of liberal interpretation of statutory requirements as to certificates of acknowledgment to analagous fields carrying over the same tests of permanency of binding. Efforts to invalidate chattel mortgages and conditional sales contracts under a statute similar to §8510 GC, supra, have failed. Where the statement in a chattel mortgage showing the mortgagee's interest in the property, or the statement of the vendor's interest in conditional sales contracts, is permanently attached to the body of the instrument so that evidence of mutilation

would appear should they be detached, the courts have held that the certificate is "placed thereon" in accordance with the statute. §8565 GC; Columbus Merchandise Co. v Kline, 248 Fed. 296 (D. C. Ohio 1917; 15 O.L.R. 525; Voss v Shapton, 38 Fed. (2d) 475 (C.C.A. 6th 1930); Oglesby v National Box Board Co., 25 O.C.C. (N.S.) 61 (1913); See Cinn. L. Rev. 338).

Few jurisdictions, other than Ohio, have statutory requirements similar to §§8510 and 8565 GC, but in those states that do, a liberal interpretation has also been applied to them. Schramm v Gentry, 63 Texas 583 (1885) is an extreme case where the court went so far as to hold valid a deed on which the certificate of acknowledgment had been pasted.

This liberal construction of §8510, GC, was also followed in the case of Rollman & Sons Co. v The Alaska Realty Co., 4 Opinions 386, (20 Abs 330) (1935). Motion to certify overruled Feb. 5, 1936, 8 Ohio Bar 651). In this case a lease agreement was typewritten upon ten separate pages and firmly bound and fastened together by brass rivets. It was contended that the lease agreement was ineffective to convey the leasehold estate recited in the agreement because the acknowledgment was upon a separate page, contrary to the requirements of §8510, GC, which provides that a qualified officer "shall certify the acknowledgment on the same sheet on which the instrument is written or printed and subscribe his name thereto." In this lease, the beginning of the certificate of acknowledgment appeared on the ninth page of the instrument following part of a sentence of the lease, and the signatures of the parties and witnesses. The court held that the increasing size and complexity of commercial transactions have necessitated the drafting of lengthy instruments, and to require that they be placed upon but a single sheet of paper would be alone ridiculous. There being no suggestion of fraud or mistake, the instrument was declared valid and that it conformed substantially to the statute when the several sheets are so bound together with permanent fasteners that any attempt to remove the certificate of acknowledgment would show evidence of mutilation. The court in its opinion set forth that the object of §8510 GC is to prevent mistake and fraud, and to give correct certainty to titles within the state. The court placed considerable emphasis upon the fact that no one sheet of paper could be detached from the bound instrument without leaving evidence of mutilation, and that no page could be inserted in the instrument without first removing the rivets; and referred to the various sheets as bound together, as forming "one instrument of ten pages."

In the case of S. S. Kresge Co. v The B. D. K. Co., 52 Oh Ap 101, 6 O. Opinions 236, Judge Nichols of the Court of Appeals of the Seventh District of Ohio, in considering the reformation of a lease containing an acknowledgment upon a separate sheet of paper which had been firmly attached by mucilage to the main body of the instrument, by his decision followed the liberal and equitable interpretation of §8510, GC. The syllabus in that case reads as follows:

"Where all of the lessors signed and acknowledged such fifty year lease, but one of the lessors signed and acknowledged upon a sheet of paper firmly attached by mucilage to the main body of the instrument, and subsequently acknowledged the execution thereof, and her acknowledgment is set forth on the main body of the instrument, the lease will be reformed so as to conform with the real intent of the parties."

There is absolutely no question of fraud in the case at bar, and the plaintiff frankly admits that all the conditions imposed upon the contracting parties have been performed by all concerned, and that the parties to this case intended to execute a valid, binding lease.

The undisputed testimony in the case is to the effect that both parties to the indenture of lease in question actually appeared before a notary public and acknowledged the signing of the same.

Examining this lease in its duplicate form, under the interpretation placed upon §8510 GC by various courts in the cases heretofore cited, under the law, we must construe this lease as one instrument containing nineteen sheets, in order to determine that it was executed in conformity with §8510, GC.

These nineteen separate sheets of paper were duly numbered from one to sixteen inclusive; sixteen of them were countersigned by a representative of each party each of the nineteen pages contained the printed name "Hill, Morgan and Bledsoe" on the upper left hand corner of each page respectively. Each of the nineteen pages contained consecutive numbers from one to twenty-six on the left hand margin thereof. Each page is specially prepared for lease

purposes with this printing thereon, together with a ruled margin. A heavy manuscript paper cover was bound and backed over said nineteen pages. A print or plat showing a survey of the real estate described therein was also included within the manuscript cover. The copies of the indenture of lease were prepared in original duplicates, and these duplicate leases were introduced into evidence. Said nineteen pages, plat and manuscript cover were fastened together firmly and securely by means of brass rivets and staples or paper fasteners. It would have been impossible to detach any one separate sheet of paper from such purported instrument of lease without showing evidence of mutilation. It would be impossible to insert an additional sheet of paper to be added to said instrument of lease without first removing the brass rivets. With no evidence of fraud or mistake it appears that the facts in the instant case are almost on all fours with the facts in the Rollman case, supra.

In following the liberal construction of the statute, as shown by the various cases in Ohio, and in view of the complex and lengthy instruments that are required in modern business arrangements, this purported instrument of lease in ▮ the opinion of the court should be declared as one instrument of lease within the purview of the present interpretation of the meaning of the word "sheet", as used in the statute, and not in violation of §8510, GC.

It is the further contention of the plaintiff that the lease agreement in question is invalid and ineffective to convey the leasehold estate of thirty years by reason of the fact that it was executed in violation of §8516 GC.

Sec 8516 GC reads as follows:
"Sec 8516 GC. All deeds, mortgages, powers of attorney and other instruments of writing for the conveyance or incumbrance of lands, tenements or hereditaments situate within the state, executed and acknowledged, or proved, in any other state, territory or country in conformity with the laws of such state, territory or country, **or in conformity with the laws of this State, shall be as valid as if executed within this state,** in conformity with the foregoing provisions of this chapter."

It is admitted that the acknowledgment of John C. Butte upon various pages of said purported lease, is a valid and binding acknowledgment. This acknowledgment, made in the State of Ohio, reads as follows:

"State of Ohio, County of Jefferson, SS: Be it remembered that on this 3rd day of October, 1928, before me personally appeared John C. Butte, who executed the foregoing instrument and duly acknowledged that he executed the same as his free and voluntary act and deed for the uses and purposes therein expressed and mentioned.

"In witness whereof I have hereunto set my name and official seal on the day and year last above written."

The remaining defendants, or lessors, executed their acknowledgments in California and followed the same form.

Plaintiff now claims that the California acknowledgments are not valid, and that the provisions of §8516, GC, are violated in that the California acknowledgments do not follow the provisions of the statutes of that state. These particular statutes in interest are as follows:

"California Civil Code, §1181. The proof of acknowledgment of an instrument may be made in this State, within the city, county, township or district for which the officer was elected, or appointed, before either: 1. A clerk of court of record. 2. A county recorder. 3. A court commissioner; 4. A notary public. 5. A justice of the peace."

"California Civil Code, §1185. The acknowledgment of an instrument must not be taken, unless the officer taking it knows or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument."

"California Civil Code §1188. An officer taking the acknowledgment of an instrument must indorse thereon or attach thereto a certificate substantially in the forms hereinafter described."

"California Civil Code §1189. The certificate of acknowledgment, unless it is otherwise in this article provided, must be substantially in the following form:
"State of ........ County of ........ On this ......day of ........ in the year .... before me (here insert name and quality of officer), personally appeared ........known to me (or proved to me on the oath of ........) to be the person whose name is

subscribed to the within instrument, and acknowledged that (he or she) executed the same."

Evidence was presented conclusively showing that the notary public who executed these acknowledgments and signed the same as notary public in the State of California did personally know the various defendants whose acknowledgments were taken before him.

The form of acknowledgment that was executed, does not set forth that the individual was "known to me to be the person whose name is subscribed to the within instrument," as provided for by §1189 of the California Statutes. If there is any violation of the California Civil Code, under the evidence, that violation would only apply to §1189, because of the failure of the notary public to insert that the person whose name was subscribed was known to him. This section of the California Code, however, provides that the certificate of acknowledgment must be substantially in that form.

Was the form used a substantial compliance with the statute? Should the evidence presented be considered to show that the notary public did personally know the parties who executed this acknowledgment? Can the court, or should the court reform this acknowledgment to conform to the specific form set forth in §1189 of the California Statutes?

There are many cases upon the subject of substantial compliance with this type of statute. 29 A.L.R. 923. There is also the possibility that this acknowledgment could be reformed in equity under the California law. Wedel v Herman, 59 Calif. 507. This court, however, is not concerned with the form of the California acknowledgment as required by the California statute. This court is not concerned with the law of California with reference to substantial compliance with this statute or with reference to reformation of the instrument in equity.

The form of acknowledgment that was used in this lease did conform to the law of the State of Ohio. The same form was used by both the Ohio and California parties, §8516 GC sets forth that a certificate of acknowledgment made in another state, in conformity with the laws of this state, shall be as valid as if executed within this state. The words of the statute are clear and unambiguous. Ohio does not have any statute setting forth a particular form of acknowledgment to be used. The form of acknowledgment that was used is in conformity with the Ohio law. We do not find any cases in Ohio that question the clear wording of this paragraph of §8516 GC. The facts in the case at bar are similar to the facts in the case of Knight v Leary, 54 Wisc. 459; 11 NW 600.

"It was held that a certificate of acknowledgment taken outside the state was not rendered fatally defective by the fact that it omitted the statement, required by the law of the jurisdiction where it was taken from, that the person making the acknowledgment was well known to the officer, or that his identity was proved by the oath of credible witnesses, where the Wisconsin statute provided no particular form for a certificate of acknowledgment taken under such circumstances and did not provide that it must be in accordance with the laws of the place where made, and did not require that it should contain any statement as to the officer's knowledge of the acknowledger's identity."

It is therefore the opinion of this court that the certificates of acknowledgment executed in California, and ▇▇▇▇▇▇ herein complained of, do comply with the law of Ohio and are not in violation of §8516, GC.

The court is of the opinion that the lease in question was executed in conformity with both §§8510 and 8516 GC.

It, therefore, becomes unnecessary for the court to determine the questions set up by the defendants in their cross petition, in which they seek, in the event the court should find that the provisions of §§8510 and 8516 GC have not been complied with, to reform the instrument on equitable grounds.

If it were found necessary to hold the instrument ineffective as a lease, the lessors would be entitled to equitable ▇▇▇▇▇▇ relief under §§12210 and 12211 GC. The language of these curative statutes is not mandatory, but permissive. It is the policy of some courts in equity to relieve mistakes and carry out the intention of the parties by reformation. In the case at bar that policy merits consideration.

It is the finding of this court that the indenture of lease dated September 27, 1928, between the parties hereto, is held to be a good and sufficient lease for the full term thereof, and is valid and legally sufficient to convey the thirty year term sought to be conveyed thereby and is a valid and binding lease as to all parties thereto.